1  P. STERLING KERR, ESQ.
Nevada Bar No. 3978
2  GEORGE E. ROBINSON, ESQ.
Nevada Bar No. 9667
3  LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
4  Henderson, Nevada 89074
Telephone No. (702) 451–2055
5  Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
6  Email: george@sterlingkerrlaw.com
*Attorneys for Plaintiffs*

7

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

INTERNATIONAL MARKETS LIVE, INC., a New York corporation dba iMARKETSLIVE;

Plaintiffs,

v.

DE'EL WOODS, an individual;

Defendants.

Case No.:

COMPLAINT FOR:

1) BREACH OF CONTRACT;
2) VIOLATION OF UNIFORM TRADE SECRETS ACT
3) DEFAMATION PER SE;
4) TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS;
5) TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
6) FRAUD

COMES NOW, Plaintiff by and through its attorneys, the Law Offices of P. Sterling Kerr, complain and allege against Defendant DE'EL WOODS as follows:

**PARTIES, JURISDICTION AND VENUE**

1.     Plaintiff International Markets Live ("IML") is a New York limited liability company with corporate offices in Las Vegas, NV.

2.     Defendant De'el Woods ("Woods") is an individual residing in Texas, who conducts business in Nevada directly related to the claims in this Complaint.

3.     This Court has diversity subject matter jurisdiction of this action. The Court has diversity jurisdiction under 28 U.S.C. § 1332 because no Plaintiffs and Defendants are residents

of the same state, and because the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

4.      Venue is proper as IML has corporate offices in the state of Nevada, and all of the parties conduct business in the state of Nevada.

## GENERAL ALLEGATIONS

5.      IML is a company that provides its customers with educational tools and information to trade foreign and crypto currencies ("Forex Trading").

6.      IML's products are distributed under a direct sales model and are offered to individuals on a subscription basis. IML's products help IML provide customers with technology, education, and research for Forex Trading.

7.      IML contracts with IBOs in an independent contractor relationship to effectuate the direct sales model of its products and services. These contracts are called Independent Business Owner ("IBO") Agreements.

8.      All IML IBOs become IBOs of IML products only after entering into an IBO Agreement requiring the IML distributor to agree to IML's Policies and Procedures.

9.      The IBO states that each distributor has carefully read and agrees to comply with IML's Policies and Procedures.

10.     IML's Policies and Procedures require, among other things, that:

• IBOs may not directly or indirectly recruit other IBOs or customers for other network marketing businesses;

• IBOs may not participate as a distributor in another network marketing company that sells and distributes similar products to IML;

• IBOs must not sell, or attempt to sell, any competing non-IML programs, products, or services to IML IBOs or customers;

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

- The Confidentiality Provision in the Policies and Procedures states:

During the term of the Agreement, Company may supply to Independent Affiliates confidential information, including, but not limited to genealogical and Downline reports, customer lists, customer information developed by Company or developed for and on behalf of Company by Independent Affiliates (including, but not limited to, credit data, customer and Independent Affiliate profiles and product purchase information), Independent Affiliate lists, manufacturer and supplier information, business reports, commission or dales reports and such other financial and business information which Company may designate as confidential. All such information (whether in written or electronic format) is proprietary and confidential to Company and is transmitted to Independent Affiliates in strictest confidence on a "need to know" basis for use solely in Independent Affiliates business with Company. Independent Affiliates must use their best efforts to keep such information confidential and must not disclose any such information to any third party, or use this information for any non-company activity directly or indirectly while on Independent Affiliate and thereafter.

11.    On or about February 25, 2017, Defendant Woods entered into an IBO Agreement requiring the IBO to agree to IML's Policies and Procedures.

12.    On or about October 8, 2020, Woods entered into a second agreement with IML to become an educator (hereinafter "Educator Agreement").

13.    As part of the Educator Agreement there is a Code of Ethics clause which states,

It is the policy of the Company to provide our Code of Ethics and Business Conduct, which will serve as a guide to proper business conduct for all Educators. We expect all Educators to observe the highest standards of ethics and integrity in their conduct. This means following a basic code of ethical behavior that includes the following: proper language used, build trust and credibility, respect for the individual, create a culture of open and honest communication, uphold the law, compliance, accountability, corporate recordkeeping, avoid conflicts of interest with growth challenges, income claims, and guaranteed growth.

14.    Included in the Educator Agreement is also a non-compete clause which states,

Non Competition Disclosure. For a period of one (1) year after the Educator is no longer consulting with IML, the Educator will not, directly or indirectly, either as proprietor, stockholder, partner, officer, employee or otherwise, distribute, sell, offer to sell, or solicit any orders for the purchase or distribution of any products or services which are similar to those distributed, sold or provided by IML during the one (1) year preceding the Educator's termination of consultancy with IML, to or from any person, firm or entity which was a customer of IML during the one (1) year preceding such termination of consultancy.

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

15.     At all times relevant herein, Woods knew and was aware of the terms of the IML Policies and Procedures and the Educator Agreement, including the prohibitions against recruiting IML IBOs and traders to leave IML, the prohibition against working for a competitor of IML, and the prohibition against providing Confidential Information and intellectual property to anyone outside of IML.

16.     Woods terminated his relationship with IML via email on September 22, 2021.

17.     Woods is now soliciting IML IBOs and customers to a competing company that he is now working for in violation of his agreements with IML.

18.     Woods breached the IML Policies and Procedures and the Educator Agreement.

19.     Woods breached his contract with IML by violating numerous sections of the IML Policies and Procedures including the Code of Ethics.

20.     Woods breached the Educator Agreement by violating the Non-Compete Clause as Woods is now soliciting IML IBOs and clients to his competing company within one-year of his termination.

21.     Woods has conspired to bribe, solicit, recruit, and entice other IML IBOs, customers, and traders away from IML.

22.     Woods bribed, solicited, recruited, and enticed other IML IBOs and traders away from IML.

23.     Woods intentionally and knowingly bribed, solicited, enticed, and recruited IML IBOs and traders to leave IML.

24.     Woods knowingly, intentionally, and wrongfully took Confidential Information and intellectual property from IML.

25.     Woods is knowingly, intentionally, and wrongfully using Confidential Information and intellectual property he took from IML.

26.    Woods is knowingly and intentionally publishing false statements on social media platforms regarding IML, its employees, and IBOs.

27.    Woods published these false statements against IML in order to promote himself.

28.    Additionally, Woods's fraudulent conduct has forced IML to revise and rebrand an entire product line.

29.    IML has suffered substantial financial harm as a result of Woods's wrongful conduct.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract against Defendant)

30.    IML incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

31.    Woods entered into, or otherwise agreed to be, and was bound by contracts with IML.

32.    At all relevant times herein, IML performed the obligations and duties required of it by the contracts it had between IML and Woods.

33.    Woods breached his contract with IML by failing to conform to the terms of their respective agreement(s), namely by taking confidential and trade secret information from IML for his own use and violating the non-compete and ethics portions of the contracts.

34.    The breaches of the contract by Woods have caused damages to IML excess of one million dollars ($1,000,000.00).

35.    IML is entitled to its reasonable attorney's fees due to Defendant's breaches of the contacts.

/ / /

/ / /

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

## SECOND CLAIM FOR RELIEF
(Misappropriation and Violation of Uniform Trade Secrets Act – Nevada Revised Statues Chapter 600A against Defendant)

36.     IML incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

37.     Woods acquired IML's trade secrets by an improper means, including stealing or misappropriating the trade secrets from IML.

38.     Woods misappropriated IML's trade secrets by disclosing the trade secrets without express or implied consent from IML, including those trade secrets that were obtained without authorization from IML.

39.     Woods further misappropriated IML's trade secrets by using the trade secrets without express or implied consent from IML.

40.     Woods had a duty to maintain the secrecy of IML's trade secrets.

41.     As a result of Woods's misappropriation of IML's trade secrets, IML has suffered damages to be determined at trial in excess of one million dollars ($1,000,000.00).

42.     IML is entitled to exemplary damages due to Woods's willful and malicious misappropriation of IML's trade secrets in excess of one million dollars ($1,000,000.00).

43.     IML is entitled to its reasonable attorney's fees and costs due to Woods's willful and malicious misappropriation of IML's trade secrets.

## THIRD CLAIM FOR RELIEF
(Defamation Per Se against Defendant)

44.     IML incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

45.     Woods made statements on social media which tend to harm the reputation of the IML in the estimation of the community and deter third persons from associating or dealing with IML.

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

46.     The statements are false.

47.     The statements were intentionally published on the internet.

48.     The statements constitute the imputation that IML has a lack of fitness for trade, business, or profession.

49.     As a direct and proximate result of Woods's defamatory acts, IML has been harmed in amount in excess of one million dollars ($1,000,000.00).

50.     It has been necessary for IML to retain the services of an attorney to prosecute this action and, therefore, IML is entitled to reasonable attorney's fees and costs.

### FOURTH CLAIM FOR RELIEF
(Tortious Interference with Contractual Relations against Defendant)

51.     IML incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

52.     IML had contractual relationships with customers and individual representatives who are receiving educational products for Forex markets in exchange for monetary compensation.

53.     Defendant knew of these relationships.

54.     Defendant spread false information and used IML's confidential information and trade secrets to form relationships with IML's customers for his gain.

55.     Defendant's conduct was not legally justified.

56.     As a direct and proximate result of Defendant's interference with IML's contractual relationships, IML has been harmed in amount in excess of one million dollars ($1,000,000.00).

57.     It has been necessary for IML to retain the services of an attorney to prosecute this action and, therefore, IML is entitled to reasonable attorney's fees and costs.

/ / /

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

## FIFTH CLAIM FOR RELIEF

(Tortious Interference with Prospective Economic Advantage against Defendant)

58.    IML incorporates by reference and reaffirms each and every allegation previously asserted as if fully set forth herein.

59.    IML had prospective contractual relationships with customers and individual representatives who desired to participate in receiving educational products for Forex markets.

60.    Defendant knew of these prospective relationships.

61.    Defendant spread false information and used IML's confidential information and trade secrets with the intent of preventing and inhibiting IML's relationships with the prospective customers.

62.    Defendant's conduct was not legally justified.

63.    As a direct and proximate result of Defendant's interference with the prospective customer relationships, IML has been harmed in amount in excess of one million dollars ($1,000,000.00).

64.    It has been necessary for IML to retain the services of an attorney to prosecute this action and, therefore, IML is entitled to reasonable attorney's fees and costs.

WHEREFORE, PLAINTIFF PRAYS FOR
THE FOLLOWING RELIEF AGAINST DEFENDANTS:

1.    For Damages in an amount greater than $1,000,000.00 as a result of Defendants' unlawful actions;

2.    For injunctive relief to enjoin the Defendants from the following:

- Defendants shall immediately refrain from using any IML customer list, trademark, trade secret, program information, or any other confidential information and/or materials, including downlines, back-office data, binary options trading software, and binary options trading algorithms;

LAW OFFICES OF P. STERLING KERR
ATTORNEYS AT LAW
2450 St. Rose Parkway, Suite 120, Henderson, Nevada 89074
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

- Defendants shall immediately refrain from disclosing any IML customer list, trademark, trade secret, program information, or any other confidential information and/or materials;

- Defendants shall immediately return any equipment, or other materials, including but not limited to, hard copies of documents and/or data, electronic copies of documents and/or data, emails, and any other material containing or referring to any IML customer list, trademark, trade secret, program information, or any other confidential information and/or materials;

- Defendants shall immediately refrain from conducting and soliciting any business, accepting any employment by or rendering professional services to, any person or organization that is or was a IML distributor, trader, and/or client, which includes that IGG shall not conduct business with those Defendants who are former IML IBOs or traders; and

- Defendants shall immediately refrain from soliciting, recruiting, bribing, and/or enticing IML IBOs and/or traders to violate their contracts with IML and/or misappropriate IML's Confidential Information and/or intellectual property.

3. For an award of pre-judgment interest, as well as reasonable attorneys' fees as both normal and special damages, and other costs; and

/ / /

/ / /

4.   For such other and further relief that this Court deems just and proper.

Dated this 10th day of February, 2022

LAW OFFICES OF P. STERLING KERR

/s/ P. Sterling Kerr, Esq.
P. STERLING KERR, ESQ.
Nevada Bar No. 3978
GEORGE E. ROBINSON, ESQ.
Nevada Bar No. 9667
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@sterlingkerrlaw.com
Email: george@sterlingkerrlaw.com
*Attorneys for Plaintiff*