UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL MARKETS LIVE, INC.,<br>  Plaintiff,<br>v.<br>DE'EL WOODS,<br>  Defendant. | Case No. 2:22-cv-00254-GMN-NJK<br><br>**Order**<br><br>[Docket No. 6] |

Pending before the Court is Plaintiff's motion to extend the time to serve Defendant and to allow service on Defendant by publication. The motion is properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion is hereby **GRANTED**.

**I. MOTION TO EXTEND TIME FOR SERVICE**

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service by 90 days to July 21, 2022.

**II. MOTION FOR SERVICE BY PUBLICATION**

Plaintiff seeks an order allowing it to effectuate service by publication. Service is to be provided pursuant to the law of the forum state, or in which service is made. *See* Fed. R. Civ. P. 4(e)(1). Nevada law permits service by publication if the plaintiff cannot, after due diligence, locate the defendant. *See* Nev. R. Civ. P. 4.4(c)(1)(a). Due diligence is that which is appropriate to accomplish actual notice and is reasonably calculated to do so. *See Abreu v. Gilmer*, 115 Nev. 308, 313 (1999) (citing *Parker v. Ross*, 117 Utah 417, 217 P.2d 373, 379 (Utah 1950)). Courts may consider the number of attempts made to serve the defendant at his residence and other methods of locating the defendant, such as consulting public directories and family members. *See, e.g., Price v. Dunn*, 787 P.2d 786, 786-87; *Abreu* 115 Nev. at 313; *McNair v. Rivera*, 110 Nev. 463, 874 P.2d 1240, 1241 (Nev. 1994). Service by publication is generally disfavored because

substituted service implicates a defendant's constitutional right to due process. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15; *Trustees of the Nev. Resort Assoc.— Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Plaintiff has established that in this case service by publication is warranted. Plaintiff has attempted to effectuate service on Defendant on numerous occasions. For example, Plaintiff has attempted personal service on Defendant a total of nine times and at three potential addresses that were associated with Defendant and confirmed by public record searches. Docket No. 6-1 at 2-7. Plaintiff also attempted to get information about Defendant's location by talking with Defendant's mother, who stated that she would relay the information to Defendant, but would not give any information regarding Defendant's current whereabouts. *Id.* at 6. These circumstances suffice to allow service by publication.

### III. CONCLUSION

For the reasons discussed above, the motion to extend time and for service by publication is **GRANTED**. Docket No. 6. The deadline to serve Defendant De'el Woods is extended to July 21, 2022. Plaintiff must comply with the requirements of Rule 4 of the Nevada Rules of Civil Procedure. Plaintiff must serve Defendant by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks. Given that Plaintiff submits that all the addresses associated with Defendant are in Texas, Plaintiff must also serve Defendant by publication in a newspaper of general circulation in the State of Texas on a weekly basis for a period of four weeks. *See* Nev. R. Civ. P. 4.4(c)(4)(A). Plaintiff must also mail a copy of the summons and complaint to Defendant's last known address. After publication is complete, Plaintiff must file an Affidavit of Publication.

IT IS SO ORDERED.

Dated: April 22, 2022

_____
Nancy J. Koppe
United States Magistrate Judge